UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10196-RWZ

UNITED STATES OF AMERICA

v.

BARRY SPENCER

ORDER

February 11, 2014

ZOBEL, D.J.

Defendant Barry Spencer has been charged with committing several drug offenses. He has filed four discovery motions (Docket ## 52, 74, 78, and 79).

### A.    Docket # 52: Defendant's Motion to Compel

Defendant claims he is being vindictively prosecuted because the same Boston police officer against whom defendant filed a 2006 civil lawsuit was involved in the arrest leading to the present prosecution. He further claims he is being selectively prosecuted because police impermissibly targeted racial and ethnic minorities in their undercover operations. Defendant seeks discovery to advance these two claims. To obtain discovery, defendant must offer some objective evidence tending to show the existence of vindictive or selective prosecution. See United States v. Bucci, 582 F.3d 108, 111 (1st Cir. 2009) (vindictive prosecution); United States v. Lewis, 517 F.3d 20, 25 (1st Cir. 2008) (selective prosecution). Defendant does not present adequate

objective evidence in his motion; it is therefore DENIED.

**B.      Docket # 74: Defendant's Motion for Exculpatory Evidence**

Defendant moves for discovery on twelve exculpatory evidentiary matters. The government correctly notes that the information defendant requests is either irrelevant or has already been produced. The motion is DENIED.

**C.      Docket # 78: Defendant's Motion for a Bill of Particulars**

Defendant moves for an order directing the government to file a bill of particulars. See Fed. R. Crim. P. 7(f). A bill of particulars should be granted "only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993). Here, the indictment conforms with Federal Rule of Criminal Procedure 7(c), the facts of the case are straightforward, and the government has provided substantial discovery to defendant. In these circumstances, a bill of particulars is inappropriate. See United States v. June, No. 10-CR-30021-MAP, 2012 WL 245243, at *2 (D. Mass. Jan. 25, 2012); cf. United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970) (power to grant or deny motion for a bill of particulars is within the discretion of the district court). Defendant's motion is DENIED.

**D.      Docket # 79: Defendant's Motion for Discovery and Relief From Selective and Vindictive Prosecutor Misconduct**

Defendant renews[1] his claim that he is being vindictively and selectively prosecuted and seeks production of documents from the government.  For the reason stated with regard to Docket # 52, defendant's motion is DENIED.

**E.     Conclusion**

Defendant's four discovery motions (Docket ##  52, 74, 78, and 79) are DENIED.

| February 11, 2014 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |

---

[1] Docket # 79 largely duplicates Docket # 52, which was filed when defendant was represented by counsel.  Defendant has since elected to proceed pro se, with Attorney Thomas J. Butters acting as standby counsel.  See Docket # 77.