UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>vs.<br><br>BARRY SPENCER,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Action<br>No. 13-10196-RWZ |

**JURY TRIAL
DAY FOUR**

BEFORE THE HONORABLE RYA W. ZOBEL
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
John J. Moakley U.S. Courthouse
Boston, Massachusetts 02210
June 19, 2014
9:00 a.m.

\*   \*   \*   \*

CATHERINE A. HANDEL, RPR-CM, CRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5205
Boston, MA 02210
(617) 261-0555

APPEARANCES:


For the Plaintiff:

UNITED STATES ATTORNEY'S OFFICE
(By: AUSA John A. Wortmann, Jr.)
      John J. Moakley Courthouse
      One Courthouse Way, Suite 9200
      Boston, MA 02210



For the Defendant:

BUTTERS BRAZILIAN, LLP
(By: Thomas J. Butters, Esq.)
      One Exeter Plaza
      12th Floor
      Boston, MA 02116

```
1                    P R O C E E D I N G S
2              (The following proceedings were held in open court
3    before the Honorable Rya W. Zobel, United States District Judge,
4    United States District Court, District of Massachusetts, at the
5    John J. Moakley United States Courthouse, 1 Courthouse Way,
6    Boston, Massachusetts, on June 19, 2014.
7              The defendant Barry Spencer is present with counsel.
8    Assistant United States Attorney John A. Wortmann, Jr., is
9    present.)
10             (Jury enters courtroom.)
11             THE COURT:  Good morning.  Please be seated.
12             Members of the jury, I know that you worked very hard
13   yesterday and it was a long day.  I would very much appreciate
14   it if you would try again, review all the evidence and let me
15   know in due course where you are.  I hope you will get a
16   verdict, but you're entitled not to have a verdict, but it has
17   not been a very long time for you to try.  So, I would ask
18   you, please, to try again.  I think your goodies are here
19   already.
20             COURTROOM DEPUTY CLERK URSO:  Yes, she brought them up.
21             THE COURT:  Yes.  We've already provided refreshments
22   for you so that you should be up for the task.
23             So, please consider the evidence again, review it
24   all, and let us know where you are when you know where you
25   are.  Thank you very much.
```

1          COURTROOM DEPUTY CLERK URSO:  All rise, please.

2     (Jury excused at 9:11 a.m. to continue deliberations.)

3          (Recess taken.)

4   THE FOLLOWING TAKES PLACE OUTSIDE THE PRESENCE OF THE JURY:

5          THE COURT:  I convened us because we have a note from

6   the jury as follows:

7          "Your Honor, we are still deadlocked.  There is no

8   compromise that can be made with the evidence we were given.

9   It is also getting a little hostile."  Signed, "Foreman."

10          Mr. Butters, what do you wish me to do?

11          MR. BUTTERS:  Well, I don't know that the *Allen*

12   charge is going to do any good, but maybe you should declare a

13   mistrial.

14          MR. WORTMANN:  Your Honor, I'd ask you to give the

15   *Allen* charge.  You don't know if it's going to do any good

16   until you give it.  It's actually addressed exactly for

17   this --

18          THE COURT:  I'm sorry?

19          MR. WORTMANN:  I think the *Allen* charge is addressed

20   to exactly this kind of situation, to get people to stop, you

21   know, take another look at each other's views, try to respect

22   them and try to reestablish some reasonable dialogue and see

23   if anything happens.  If it doesn't, the next thing is a

24   mistrial, but they simply haven't been deliberating that long.

25          THE COURT:  Well, I know, but when they say, "There

1   is no compromise that can be made," and, "It's getting

2   hostile" --

3           MR. WORTMANN:  Your Honor, I would still ask you to

4   give the *Allen* charge.

5           THE COURT:  Mr. Butters, talk to your client and let

6   me know what you wish me to do, please.

7           (Discussion off the record.)

8           MR. BUTTERS:  My client has just told me that he

9   doesn't think they should be forced to deliberate any more.

10          THE DEFENDANT:  Seeing that it's a hostile situation,

11  your Honor.

12          THE COURT:  I'm not turning you back into a pro se.

13  Mr. Butters represents you.

14          THE DEFENDANT:  I understand.  I mean, I don't want

15  it...

16          (Discussion off the record.)

17          MR. BUTTERS:  All right.  I've said everything that

18  I --

19          THE COURT:  I'm sorry.  What do you want me to do?

20          MR. BUTTERS:  I would like you to declare a mistrial.

21          THE DEFENDANT:  Question.

22          (Discussion off the record.)

23          MR. BUTTERS:  We don't have any indication.  Mr.

24  Spencer is wondering if we have any indication of whether it's

25  six to six or --

1         THE COURT:  No, we have nothing.

2         MR. BUTTERS:  That's what I thought.  So, I don't --

3  honestly, I don't feel strongly about this one way or another.

4  My sense is that this is going nowhere.

5         THE COURT:  Excuse me a minute.

6         (Discussion off the record at the bench.)

7         THE COURT:  I don't have a sense that this jury is

8  going to move.  I mean, I just don't think that the *Allen*

9  charge is going to do anything except make them more hostile.

10        MR. WORTMANN:  Well, your Honor, at the end of the

11 day, you may be right, but we've -- but there's only one way

12 to find out and another hour or two is not going to --

13        THE COURT:  Well, it may not mean anything to you,

14 but it may mean something to them.

15        MR. WORTMANN:  But they came in and they have an

16 obligation to make sure that they deliberate as well as they

17 can and as long as they can, and the *Allen* charge gives them a

18 different perspective on -- you know, to ask them to rethink

19 themselves.

20        THE COURT:  Which version of the *Allen* charge do you

21 have in mind?

22        MR. WORTMANN:  I've got Section 606 of the First

23 Circuit pattern instruction, your Honor.

24        THE COURT:  Are those still viable?

25        MR. WORTMANN:  Charge to a hung jury.  Because the --

```
1              MR. BUTTERS:  Can I see it?

2              MR. WORTMANN:  Sure.

3              MR. BUTTERS:  I think the jury has been very clear.

4              THE COURT:  Can I see it?

5              (Pause.)

6              THE COURT:  Is that still viable law?

7              MR. WORTMANN:  Your Honor, Judge Hornby's revisions

8     to the 1988 version, as far as I know, have never been adopted

9     as the official jury instructions in the First Circuit.  So, I

10    believe they still are.

11             If you want us to take five minutes and I can find

12    the Hornby version or perhaps your clerks could, I'm happy to

13    do that, but I don't think there's going to be much of a

14    difference.

15             THE COURT:  I think if I give it, I would ask the

16    jury to consider whether this additional charge might help

17    them to reach a verdict.  If they tell me no, then I think we

18    should just declare a mistrial.

19             MR. WORTMANN:  And, your Honor, you can ask them to

20    retire to the jury room to consider that question?

21             THE COURT:  Yes.

22             MR. WORTMANN:  That's fine.

23             THE COURT:  Okay.  That's how we'll do it.

24             Actually, there is a 2007 case in which Judge Saris

25    gave this charge and the Court didn't seem to object to it,
```

1    the upstairs Court.

2           I will use the booklet you gave me for this purpose.

3           MR. WORTMANN:  Thank you, your Honor.

4           (Pause.)

5           COURTROOM DEPUTY CLERK URSO:  All rise, please.

6           (Jury enters courtroom.)

7           THE COURT:  Please be seated.

8           Members of the jury, you have sent a note that says,

9    "We are still deadlocked.  There is no compromise that can be

10   made with the evidence.  It is also getting a little hostile."

11   And it is signed, "Foreman."

12          I wish to give you one more set of instructions and

13   then ask you, please, to retire and determine whether, in

14   light of these instructions, you want to try again or not,

15   okay?  So, here goes:

16          "In trials absolute" -- I'm reading this because I

17   rarely give it.  So, I don't have it in my head.

18          "In trials absolute certainty can be neither expected

19   nor attained.  You should consider that you are selected in

20   the same manner and from the same source as any future jury

21   would be selected.  There is no reason to suppose that this

22   case could ever be submitted to twelve men and women more

23   intelligent" -- this is an old one.  It doesn't say "women and

24   men" -- "more intelligent, more impartial, no more competent

25   to decide it than you or that more or clearer evidence would

be produced in the future.

"Thus, it is your duty to decide the case if you can conscientiously do so without violence to your individual judgment.  The verdict to which a juror agrees must, of course, be his or her own verdict, the result of his or her own convictions, and not a mere acquiescence in the conclusion of his or her fellow jurors.

"Yet, in order to bring twelve minds to a unanimous result, you must examine the questions submitted to you with an open mind and with proper regard for and deference to the opinions of other jurors.

"In conferring together, you ought to pay proper respect to each other's opinions and you ought to listen with a mind open to being convinced by each other's arguments.

"Thus, where there is disagreement, jurors favoring acquittal should consider whether a doubt in your own mind is a reasonable one when it makes no impression upon the minds of the other equally honest and intelligent jurors who have heard the same evidence with the same degree of attention and with the same desire to arrive at the truth under the sanction of the same oath.

"On the other hand, jurors favoring conviction ought seriously to ask themselves whether they should not distrust the weight or sufficiency of the evidence which fails to dispel a reasonable doubt in the minds of the other jurors.

1   "Not only should jurors in the minority re-examine

2   their positions, but jurors in the majority should do so also,

3   to see whether they have given careful consideration and

4   sufficient weight to the evidence that has favorably impressed

5   the persons in disagreement with them.

6   "Burden of proof is a legal tool for helping you

7   decide.  The law imposes upon the prosecution a high burden of

8   proof.  The prosecution has the burden to establish with

9   respect to each count each essential element of the offense

10  and to establish that essential element beyond a reasonable

11  doubt, and if with respect to any element of any count you are

12  left in reasonable doubt, the defendant is entitled to the

13  benefit of such doubt and must be acquitted.

14  "It is your duty to decide the case if you can

15  conscientiously do so without violence to your individual

16  judgment.

17  "It is also your duty to return a verdict on any

18  count as to which you all" -- "on which all of you agree, even

19  if you cannot agree on all counts, but if you cannot agree, it

20  is your right to fail to agree."

21  Now, I would ask you to go back to the jury room and

22  talk to each other and see whether these additional

23  instructions may help you to reach a verdict on one or both

24  counts, and let the court officer know what your -- how you

25  come out on this.  Understood?

1          JURORS:  (Nodding).

2          THE COURT:  Thank you.

3          COURTROOM DEPUTY CLERK URSO:  All rise, please.

4     (Jury excused to continue deliberations at 10:59 a.m.)

5     THE FOLLOWING TAKES PLACE OUTSIDE THE PRESENCE OF THE JURY:

6          THE COURT:  All right.  I think we may as well sort

7     of hang around.  I can't imagine that it will take them very

8     long to tell us whether there's any sense in going on or not.

9     It may, but I think we'll wait for a little bit.  Thank you.

10         (Recess taken.)

11    THE FOLLOWING TAKES PLACE OUTSIDE THE PRESENCE OF THE JURY:

12         THE COURT:  Please be seated.  May I see counsel,

13    please, and Mr. Spencer.

14    **AT SIDEBAR:**

15         (Attorneys read jury's written note.)

16         MR. WORTMANN:  Mistrial, your Honor.

17         THE COURT:  Well, I mean, I don't know what else.

18         MR. WORTMANN:  No.

19         THE COURT:  Let me put it on the record.

20         The note from the jury says, "Your Honor, after

21    reviewing all the evidence and the law you provided, we are

22    still deadlocked.  We do not believe that we will be able to

23    come to a unanimous decision on either count."  Signed, "The

24    jury," and individually signed by each of the jurors.

25         So, we'll bring them down.

1              MR. WORTMANN:  Yes.

2              (End of sidebar.)

3              COURTROOM DEPUTY CLERK URSO:  All rise, please.

4              (Jury enters courtroom.)

5              THE COURT:  Please be seated.

6              Members of the jury, you have sent another note,

7    which says that, "After reviewing all the evidence and the law

8    you provided, we are still deadlocked.  We do not believe that

9    we will be able to come to a unanimous decision on either

10   count."  Signed, "The jury," and then individually by each of

11   you.

12             I accept your decision.  I mean, I -- obviously, it

13   was a difficult time for you.  It, unquestionably, is a

14   difficult time for counsel and the defendant.  Nonetheless,

15   that is where we are and I accept that is where you are.

16             So, I wish to thank you very much for the attention

17   you paid throughout the case and the hard work that you've

18   done for the last two days.  I really do appreciate your

19   coming back and trying again and again.  You are now

20   discharged with the thanks of the Court.

21             Let me just remind you that you have in many ways

22   been privileged in this case.  You have seen a well-tried and

23   well-presented case.

24             And I want especially to bring to your attention Ms.

25   Handel, the court reporter.  She is the only one in the

courtroom who has to work continuously without stopping.  She

can't even cough or sneeze because the moment she does it, the

record becomes incomplete.

And the part of the charge that -- the instructions

that I sent to you, you know that there were a few mistakes in

it.  Nonetheless, they were prepared in 15 minutes.  She

objected to my giving them to you without carefully

proofreading it, but in the interest of time, I overruled her.

So, that's why I sent you the note explaining to you there

were some mistakes, but the final product she puts out never

has any mistakes in it.

So, I would very much appreciate if you would wait

for me for a moment so I might thank you individually, and

otherwise you are free to go.

COURTROOM DEPUTY CLERK URSO:  All rise, please.

(Jury excused.)

THE FOLLOWING TAKES PLACE OUTSIDE THE PRESENCE OF THE JURY:

THE COURT:  Please be seated.

The Court declares a mistrial.  And what is the

government's pleasure?

MR. WORTMANN:  Your Honor, Mr. Butters and I have

talked.  If we could have a little bit of time to talk amongst

ourselves, talk about if there is any possibility of resolving

the case or dates that would work for us in terms of a

retrial.

1            THE COURT:  How much time do you need?

2            MR. WORTMANN:  Couple of weeks?

3            MR. BUTTERS:  (Nods).

4            MR. WORTMANN:  Couple weeks, your Honor.

5            THE COURT:  So, do you want to just report back to us

6   and --

7            MR. WORTMANN:  We'll report back within a couple of

8   weeks, within --

9            THE COURT:  We should set a date in court?

10           MR. BUTTERS:  Yes, your Honor.

11           THE COURT:  In a couple of weeks.

12           COURTROOM DEPUTY CLERK URSO:  A couple of weeks?  A

13  week?

14           THE COURT:  No.

15           COURTROOM DEPUTY CLERK URSO:  Sorry.  I thought you

16  meant --

17           THE COURT:  Maybe around the 26th, the last week of

18  July -- June.

19           COURTROOM DEPUTY CLERK URSO:  In the afternoon, okay.

20  Just to squeeze in?

21           THE COURT:  Yes, we can squeeze in.

22           (Discussion off the record at the bench.)

23           COURTROOM DEPUTY CLERK URSO:  How about the 26th,

24  June 26?

25           MR. WORTMANN:  What time?

1          COURTROOM DEPUTY CLERK URSO:  Say, 2:30?

2          MR. WORTMANN:  Yes, that works for me.  Thank you.

3          COURTROOM DEPUTY CLERK URSO:  Can you do 2:30, Mr.

4     Butters, on June 26th?  June 26, Thursday, at 2:30?

5          MR. BUTTERS:  I'm sure I can.

6          THE COURT:  If it doesn't work, let Ms. Urso know.

7     We're jammed up, but we'll figure out a way.

8          And I guess we'll issue a new habe for Mr. Spencer.

9          COURTROOM DEPUTY CLERK URSO:  Yes, Judge.

10         THE COURT:  Okay.  Thank you both.

11         MR. WORTMANN:  Thank you, your Honor.

12         THE COURT:  And Mr. Spencer.

13         (Adjourned, 1:57 p.m.)

14

15                    C E R T I F I C A T E

16         I, Catherine A. Handel, Official Court Reporter of the

17    United States District Court, do hereby certify that the

18    foregoing transcript, from Page 1 to Page 15, constitutes to the

19    best of my skill and ability a true and accurate transcription of

20    my stenotype notes taken in the matter of Criminal Action No.

21    13-10196-RWZ, United States of America versus Barry Spencer.

22

23

       August 14, 2014        /s/Catherine A. Handel
24     Date                    Catherine A. Handel, RPR-CM, CRR

25