UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10196 -RWZ

UNITED STATES OF AMERICA

v.

BARRY SPENCER

ORDER

June 4, 2015

ZOBEL, D.J.

    The government accused defendant Barry Spencer of distributing and conspiring to distribute cocaine base, alleging that he was the lookout for a sale of about 0.15 grams of crack on March 20, 2013.  The case was first tried in June 2014, but the court declared a mistrial after the jury declared itself to be hung.  The government elected to try the case again in April 2015.  After about five and a half hours of deliberation, that jury found Spencer guilty on both counts.

    During the second trial, a federal drug laboratory chemist offered testimony to establish that the drug evidence offered by the government was, in fact, crack cocaine. She testified on direct that she prepared a report detailing her identification of the drugs, but, on cross examination, it became clear that she actually prepared two reports—one that incorrectly listed Spencer's arrest date as the date the drugs were purchased, and another showing the correct purchase date.  Defense counsel probed

the origin of the mistake and its correction, but was not able to extract much from the chemist. All that came out was that the chemist received a phone call asking her to correct the report. The jury paid attention to this evidentiary issue, asking for a copy of the original, uncorrected report during its deliberations.[1]

Following the guilty verdict, Spencer moved, pro se, for a new trial. He raised a number of grounds, but focused on the government's failure to disclose the events leading up to the chemist's revised report. Because the revision raises chain-of-custody questions that may be exculpatory, Spencer contends that the government's failure to disclose the circumstances surrounding it violated his rights under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

The court held a hearing on the motion on May 19, 2015. In response to Spencer's arguments, the Assistant United States Attorney ("AUSA") who tried the case told the court that he personally called the chemist and asked her to revise her report. This was clearly news to defendant and his counsel, who had no knowledge of the AUSA's involvement in altering what would become a trial exhibit. The government's own filings showed that the only disclosure made to the defense was a three-line memorandum transmitting an "updated certification . . . that corrected a clerical error." Docket # 232-1.

That the government did not disclose its involvement in revising a key exhibit until after the second jury trial is troubling. To determine whether this conduct rises to the level of a <u>Brady</u> violation, the court will hold an evidentiary hearing, which will be scheduled by separate order. Because the AUSA who tried this case may need to be a

---

[1] Because the original report was not entered into evidence, the court was unable to provide it to the jury.

fact witness at that hearing, the government is advised to assign co-counsel.


|  June 4, 2015  |  /s/Rya W. Zobel  |
| :---: | :---: |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |