UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY SPENCER, | ) |
| | ) |
| Petitioner, | )     CR No.  13-10196-RWZ |
| v. | )     C.A. No. 16-12656-RWZ |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

RESPONDENT'S OPPOSITION AND
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## I.     STATEMENT OF FACTS

On January 20, 2016, Spencer was sentenced in the United States District Court for the

District of Massachusetts (Zobel, J.) to a 5-year term of confinement in connection with Case

Number 1:13CR10196-002-RWZ. *See* Declaration of Robert Jennings ("Jennings Decl."), ¶ 2,

Exhibit A attached hereto.[1]  The Court further ordered that Spencer shall receive credit for such

---

[1] Defendant files herewith the Declaration of Robert Jennings ("Jennings Decl."). Courts have acknowledged that a 12(b)(6) motion need not be converted to one for summary judgment in order to take into consideration "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Miller v. Suffolk County House of Correction,* No. 01–11331–DPW, 2002 WL 31194866, at *1 (D. Mass. Sept. 27, 2002) (citing *Watterson v. Page*, 987 F. 2d 1, 3 (1st Cir.1993) (in *Bivens* claim, court granted defendant's motion to dismiss despite both parties submitting documents beyond the pleadings in support and opposition to the 12(b)(6) motion). *See also In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003)(First Circuit Court of Appeals has applied this exception to Rule 12(b) in the context of the affirmative defense of res judicata); *Boban v. Bank Julius Baer Postretirement Health & Life Ins. Program*, 723 F. Supp. 2d 560, 563-64 (S.D.N.Y. 2010)(Rule 12(b)(6) permits consideration of documents annexed to declarations submitted in support of defendants' motion to dismiss as information was relevant to the arguments raised and were either incorporated by reference into the Complaint or integral to the plaintiffs' claims).  Should this Court deem the Jennings Decl.

time served in state custody awaiting disposition of his federal indictment as may appropriately be counted; and shall serve his sentence concurrent with any state sentence to be imposed in his still pending state criminal case (Case No. 1184SUCR10040) (Second State Criminal Case)[2].  *Id.*

After federal sentencing on January 20, 2016, the United States Marshals Service ("USMS") returned Spencer to the Massachusetts' official custody to complete sentencing on his state charges and placed a federal detainer with Massachusetts.  *Id.,* ¶ 3.

Despite Spencer's contention otherwise, he has *not* been in primary federal custody at *any* point since the date of his federal offense on March 20, 2013; rather, he has *always* remained in State primary custody, including during his federal criminal proceedings when the USMS took temporary custody of Spencer from the Commonwealth of Massachusetts by borrowing him on Federal *Writs of Habeas Corpus Ad Prosequendum.  Id.,* ¶ 4.

The BOP commenced Spencer's federal sentence on January 20, 2016, the date the federal sentence was imposed, in order to effectuate concurrent service of his federal sentence with the pending state sentence.  *Id.,* ¶ 5. The BOP also applied 431-days of prior custody credits towards Spencer's federal sentence.  *Id.,* ¶ 6.  This period covered from November 15, 2014, the day after he received time served in a state case (Case No.  0684SUCR10731) ("First State Criminal Case"), through January 19, 2016, the day prior to imposition of the federal sentence. *Id.*  The BOP was not able to apply prior custody credits toward Spencer's federal sentence from May 23, 2013 to November 14, 2014 because that period of incarceration appears to have been

---

outside the scope of a Motion to Dismiss, Respondent requests that this Court treat the motion as one for Summary Judgment.

[2]  This Second State Criminal Case was severed into to criminal matters with Spencer being convicted in one, while the other remains pending in Massachusetts State court..

previously credited to the aforementioned state sentence in the First State Criminal Case (Case No. 0684SUCR10731). *Id.*

Nevertheless, the BOP continues to seek official documentation from the Massachusetts state officials as to the actual computation of this sentence in the First State Criminal Case (Case No. 0684SUCR10731) to determine which specific dates were used in computing the satisfaction of Spencer's state obligation in said First State Criminal Case (Case No. 0684SUCR10731). *Id.,* ¶ 7. A review of any obtained official documentation may cause this application of prior custody credit to be adjusted. *Id.*

The BOP is also awaiting final sentencing in the Second State Criminal Case (Case No. 1184SUCR10040) in order to review Spencer's federal computation for the proper application of the exception to the rules prohibiting "double credit" (i.e. "Willis" or "Kayfez" credits). *Id.,* ¶ 8. This Second Criminal State Case (Case No. 1184SUCR10040) is the state case with which the federal sentence was ordered to run concurrent by this Court. *Id.*

The BOP has currently computed Spencer's projected release date to be March 25, 2019 via good conduct time release. *Id.,* ¶ 9.

## II.     12(b)(6) LEGAL STANDARD

A court's goal in reviewing a Rule 12(b)(6) motion is to determine whether the factual allegations in the plaintiff's complaint set forth "a plausible claim upon which relief may be granted." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71-72 (1st Cir. 2014) (*quoting Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 353 (1st Cir. 2013)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007). The court must take all of the pleaded factual allegations in the complaint as true. *Id.* (*quoting Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). Barring "narrow exceptions," courts tasked with this feat usually consider only the complaint, documents

attached to it, and documents expressly incorporated into it.  *Id.* (*quoting Watterson*, 987 F.2d at

3).  The court should assume the veracity of any well-pleaded allegations and "determine

whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.  Although

courts deciding Rule 12(b)(6) motions must accept the plaintiff's well-pleaded allegations as

true, they need not accept factual or legal conclusions.  *Id.*  The plaintiff must "plead[ ] factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—

'that the pleader is entitled to relief.'"  *Id.*

Since Petitioner is moving pro se, his complaint is held to a less stringent standard than

one drafted by a lawyer.  *See United States v. Genao*, 281 F.3d 305, 313 (1st Cir. 2002).  The

Court is required to liberally construe a pro se complaint.  *See See Erickson v. Pardus*, 551 U.S.

89, 94 (2007).  "However, pro se status does not insulate a party from complying with procedural

and substantive law."  *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).  Dismissal of a

pro se complaint is appropriate when the complaint fails to state an actionable claim.  *Sepulveda

v. UMass Corr. Health Care*, 160 F. Supp. 3d 371, 383 (D. Mass 2016) (*referencing Muller v.

Bedford VA Admin. Hosp.*, No. CIV.A. 11-10510, 2013 U.S. Dist. LEXIS 25312, 2013 WL

702766, at *3 (D. Mass. Feb. 25, 2013)).

### III.   ARGUMENT

#### A.  Petitioner's Federal Sentence Computation Is Not Ripe As It Pertains To
It Running Consecutively With His State Sentence In his Second Criminal Case

As mentioned previously, this Court ordered that Spencer's five (5) year term of

confinement for his federal conviction should run concurrently with any state sentence to be

imposed in his pending Second State Criminal Case, that is, Case No. 1184 SUCR 10040.  *See*

Jennings Decl., ¶ 2.  Yet, to date, the state has not imposed any sentence on Spencer's Second

State Criminal Case.  Once sentenced by the state, the BOP will assess any credit available to

Spencer pursuant to *Willis v. U.S.,* 449 F.2d 923 (5th Cir. 1971) or *Kayfez v. Gasele*, 993 F.2d

1288 (7th Cir. 1993).  *See* Jennings Decl., ¶ 8.

On this factual backdrop, it is clear that any challenge by Spencer as to the BOP's

computation of his federal sentence in light of the sentence imposed by the state for his Second

State Criminal Case, which is the state case that his federal sentence has been ordered to run

concurrently, is not ripe for adjudication.  Indeed, the doctrine of ripeness has roots in both the

Article III case or controversy requirement and in prudential considerations.  *Mangual v. Rotger-*

*Sabat,* 317 F.3d 45, 59 (1st Cir. 2003).  The ripeness inquiry is "to prevent the courts, through

avoidance of premature adjudication, from entangling themselves in abstract disagreements."

*Abbott Labs v. Gardner*, 3387 U.S. 136, 148 (1967), *abrogated on other grounds by Califano v.*

*Sanders*, 430 U.S. 99, 97 (1977). The Plaintiff bears the burden of alleging facts sufficient to

demonstrate ripeness.  *See Labor Relations Div. of Constr. Indus. of Mass. v. Healey,* 844 F.3d

381, 326 (1st Cir. 2016).

There are two factors to consider in determining ripeness: namely, "the fitness of the

issues for judicial decision and the hardship to the parties of withholding court consideration."

*Id*. at 149.  Undoubtedly, courts generally require both prongs to be satisfied in order for a claim

to be considered rip.  *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535 (1st Cir.

1995).

The "fitness" prong of the ripeness test has both jurisdictional and prudential

components. *See Roman Catholic Bishop of Springfield v. City of Springfield,* 724 F.3d 78, 89

(1st Cir. 2013).  The former, 'grounded in the prohibition against advisory opinions, is one of

timing.' *Sindicato Puertorriqueno [de Trabajadores, SEIU Local 1996 v. Fortuno]*, 699 F.3d(1) at 8 [(1st Cir. 2012)] (quoting *Mangual*, 317 F.3d at 59) (internal quotation mark omitted).  It concerns whether there is a sufficiently live case or controversy, at the time of the proceedings, to create jurisdiction in the federal courts. *See id*.  The prudential component asks 'whether resolution of the dispute should be postponed in the name of 'judicial restraint from unnecessary decision of constitutional issues,' if elements of the case are uncertain, delay may see the dissipation of the legal dispute without need for decision.' *Mangual*, 317 F.3d at 59 (*citation omitted*) (*quoting Reg'l Rail Reorg. Act Cases*, 419 U.S. 102, 138 (1974).

The "hardship" prong, by contrast, is 'wholly prudential.' *Mangual*, 317 F.3d at 59.  It looks at 'whether the challenged action creates a direct and immediate dilemma for the parties.' *Sindicato Puertomiqueno*, 699 F.3d at 9 (*quoting Verizon New Eng., Inc. v. Int'l Bhd. Of Elec. Workers, Local No*. 2322, 751 F.3d 176, 188 (1st Cir. 2011) (internal quotation marks omitted. 'Generally, a 'mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship.'" *Id*. (*quoting Simmonds v. INS*, 326 F.3d 351, 360 (2nd Cir. 2003)).

Drawing on these well-established legal principles, Spencer's challenge to the BOP's sentence computation is not ripe for review.  As mentioned previously, the very state sentence that his federal sentence is to run concurrently has not been finalized, leaving the BOP without any ability to ascertain whether any credit is available for his federal sentence under *Willis* or *Kayfez, supra*.  *See* Jennings Decl., ¶ 8. In other words, Spencer is asking this Court, through his habeas petition, to engage in a premature adjudication of an abstract disagreement, an legal exercise specifically prohibited by the ripeness doctrine. *See Reddy v. Foster,* 845 F.3d 493, 501 (1st Cir. 2017).   Moreover, Spencer will not suffer any hardship in waiting for this matter to

ripen since he is not scheduled for release until March 25, 2019, more than two years from this date. *See* Jennings Decl., ¶ 9. That being said, this matter should be dismissed as it is not ripe for adjudication.

### B.   Spencer's Sentence Has Been Properly Calculated by the Bureau of Prisons

The BOP, by delegation from the Attorney General, has been granted the exclusive authority to calculate federal sentences. *U.S. v. Wilson*, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96 (2002); *see also United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997). A federal sentence does not commence until the Attorney General receives the defendant into his custody for service of his federal sentence. 18 U.S.C. § 3585(a); *Pinaud v. James*, 851 F.2d 27, (2d Cir. 1988); *Jimenez v. Warden, FDIC, Fort Devens, Mass.*, 147 F. Supp. 2d 24, 27 (D. Mass. 2001); *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). Section 3585(b) of Title 18, the statutory provision governing the calculation of credit for time served by inmates, provides:

> (b) Credit for prior custody - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). The intent of the last clause of subsection (b) is to prohibit "double-crediting" situations for time spent in official detention. *Wilson*, 503 U.S. at 337 (Congress made clear under § 3585(b) that a defendant could only receive credit for time

that had not been credited against another sentence); BOP Program Statement 5880.28, *Sentence Computation Manual* (CCCA of 1984).

Even assuming, *arguendo*, Spencer's petition is ripe for review, BOP correctly computed his federal sentence.  In this instance, BOP assessed Petitioner 431 days of prior credit jail time for time served in a State facility from November 15, 2014 to January 16, 2016.  *See* Jennings Decl., ¶ 6.  Nevertheless, Petitioner argues that he should receive prior credit jail time for the period of imprisonment from May 23, 2013 to November 14, 2015, which totals one year, six months, and nineteen days because he was in federal custody, not state custody.  *See* Docket No. 315, p. 1.  Petitioner cites to the Massachusetts State Attorney's Rule 36 motion statement claiming that Petitioner missed his State court hearing because he was "in federal custody" on May 23.  *Id.* at p. 2.  This assertion, however, is plainly false as there are no records suggesting Petitioner has been in Primary federal custody at any point since his offense date on March 20, 2013.  In fact, the opposite is true; that is, Spencer has *always* remained in state custody until the imposition of his federal sentence on January 20, 2016. *See* Jennings Decl., ¶¶ 4, 5.  Needless to say, when Spencer appeared in federal court for his federal criminal proceedings, he was borrowed from state custody on Federal Writs of *Habeas Corpus Ad Prosequendum.  Id.*, ¶ 4.[3] Accordingly, since Petitioner has not been in federal custody until January 20, 2016, he is not entitled to prior credit jail time from May 23, 2013 to November 14, 2014 pursuant to § 3585(b)(1).  At bottom, the BOP has properly calculated Petitioner's sentence.[4]

---

[3] The sovereign that first arrests a defendant takes primary jurisdiction over him. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). A federal writ of *Ad Prosequendum* only "borrows" the defendant from state custody and his federal sentence does not begin to run as a result of this writ. *See, e.g., United States v. Casas*, 425 F.3d 23, 67 (1st Cir. 2005).

[4] As mentioned above, BOP records indicate that Spencer received credit for his time spent in state custody from May 23, 2013 to November 14, 2014, as part of his State sentence on the First State Criminal Case after he received 5 years and 1 day which was deemed time served. *Id.*, ¶ 6.  In addition,

---

Spencer makes a passing reference to *nuc pro tunc* designation.  *See* Docket No. 315, p.3.  Respondent will not address his fleeting mention of this designation except to state that it will assess any possible credits to any state sentence that *can* run concurrently with his federal sentence.  See Jennings Decl., ¶ 8. Respondent reserves the right to supplement its Jennings Decl. and this brief should the Court or the fact require such an undertaking.

IV.     CONCLUSION

For the reasons stated herein, this Court should dismiss Spencer's habeas petition with

prejudice.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney


By: */s/ Michael Sady*
Michael Sady (BBO #552934)
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100
Michael.Sady@usdoj.gov

**LOCAL RULE 7.1 CERTIFICATION**

Because Petitioner is pro se and presently incarcerated in a correctional facility,
undersigned counsel has not attempted to contact petitioner to narrow the issues.


*/s/ Michael Sady*
Michael Sady
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing Notice of Appearance to Petitioner Barry
Spencer at P.O. Box 1218, Shirley, MA 01464.


/s/ Michael Sady
Michael Sady
Assistant U.S. Attorney


Dated:  January 24, 2017