UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10196-RWZ

BARRY SPENCER

v.

UNITED STATES OF AMERICA

ORDER

September 7, 2017

ZOBEL, S.D.J.

Petitioner Barry Spencer II, pro se, moves this court to release him from custody. He claims that the Bureau of Prisons ("BOP") failed to award him credit for time that he has been in custody and that he has completed his sentence of 60 months of imprisonment. Docket # 315. The government opposes his motion and moves to dismiss. Docket # 325.

Although Spencer purports to bring his motion pursuant to 28 U.S.C. § 2255, this avenue of relief is unavailable to him. "Only a limited class of claims may be brought under § 2255: claims involving 'the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack.'" Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) (quoting 28

U.S.C. § 2255). "When an action addresses the execution of a sentence by prison or administrative officials, rather than the validity of the sentence, § 2255 relief is unavailable." Id. Instead, such a challenge should be brought under 28 U.S.C. § 2241. See Muniz v. Sabol, 517 F.3d 29, 33–34 (1st Cir. 2008) ("[A] habeas petition seeking relief from the manner of execution of a sentence is properly brought under 28 U.S.C. § 2241."); United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) ("Federal prisoners are permitted to use [28 U.S.C.] § 2241 to attack the execution, rather than the validity, of their sentences . . . ."). Accordingly, I treat Spencer's motion as one brought under § 2241. See Jimenez v. United States, No. 97-CR-752, 2000 WL 28164, at *2 (S.D.N.Y. Jan. 14, 2000).

However, "a § 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian (unlike a § 2255 petition, which must be brought in the sentencing court)." Barrett, 178 F.3d at 50 n.10. Because Spencer is currently incarcerated at FCI-Otisville in New York, his § 2241 petition should be filed in the Southern District of New York.

Spencer's motion for relief under 28 U.S.C. § 2255 is DISMISSED WITHOUT PREJUDICE. Judgment may be entered accordingly.

|  |  |
|---|---|
| September 7, 2017 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |