**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 13-10196-RWZ** |
| ) | |
| ) | |
| **BARRY SPENCER** ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL OR DISMISSAL (Docket #340)

The government is in receipt of the motion for new trial/dismissal filed by the defendant. That motion seeks to rehash the issues surrounding the erroneous date originally included on the drug certification issued by the Massachusetts State Police Crime Lab. This is the same motion that this Court considered in post-conviction hearings in which the Chemist from the State Police Crime Lab testified, that the court rejected in a lengthy Memorandum and Decision dated October 8, 2015 (see docket 275) which decision was then affirmed by the First Circuit. United States v. Spencer, 873 F.3d 1, 6 (1st Cir. 2018)(in affirming district Court's denial of defendant's motion for new trial based on erroneous date that originally appeared in the State Police Drug certification, Court noted that government's failure to disclose contact with state chemist was not material to defendant's guilt or innocence and thus did not violate Brady, withheld evidence did not generate a reasonable possibility of a different outcome at trial by calling into

1

doubt the chain of custody of the drugs or the integrity of the chemist's test results).  Having litigated these issues and lost (both in the district court and on appeal), there is no basis for the defendant to refile the same motion seeking the same relief now that all his direct appeals have been exhausted.

Even if there were some basis for allowing the defendant to re-litigate these issues again, it is also too late for him to do so by filing the motions now before the court.  Under Rule 33 a motion for new trial must be filed within 14 days after the verdict or finding of guilty or within 3 years after the verdict or finding of guilty if based on newly discovered evidence. Here, the jury's verdict was entered on April 23, 2015, meaning that any such motion had to be filed no later than April 25, 2018. By its terms Spencer's Motion is dated May 8, 2018 meaning that, even if it were based on "newly discovered evidence the motion is untimely as a matter of law.

But Spencer's motion is not one based on newly discovered evidence as that term is used in Rule 33.  The law is settled that "a defendant who seeks a new trial on the basis of newly discovered evidence bears a 'weighty burden' of establishing that: (1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; (3) the evidence is material and not merely cumulative or

2

impeaching; and (4) the emergence of the evidence will probably result in an acquittal upon retrial of the defendant." United States v. Del-Valle, 566 F.3d 31, 38 (1st Cir. 2009). And it is equally clear that "a new trial motion must be denied if the defendant fails to meet any of these factors. United States v. González-González, 258 F.3d 16, 20 (1st Cir.2001).

This court will search in vain for any newly discovered evidence regarding the defendant's Brady claim which, as has already been noted, was litigated post-verdict, denied by this court, and then affirmed on appeal by the First Circuit. Hence even if it had been timely filed, the Motion for New Trial or to Dismiss should be DENIED.[1]

```
                                Respectfully submitted,

                                ANDREW E. LELLING
                                UNITED STATES ATTORNEY,

                        By:     /s/ John A. Wortmann, Jr.
                                JOHN A. WORTMANN, JR.
                                Assistant U.S. Attorney
                                617-748-3207
Date: 5/31/18
```

---

[1] Similarly, there are no new grounds asserted for dismissal even if such a motion could be timely. A review of the docket shows that the defendant has moved to dismiss the indictments in this case no less than eight times. See Docket Entry 85 Motion to Dismiss (2/11/14); 87 Motion to Dismiss Jurisdiction (2/11/14) ; 88 Motion to Dismiss (2/11/14); 177 (Motion for Judgment as a Matter of Law(9/4/14); 227 Renewed Motion for Required Finding of Not Guilty(5/4/15); 247 Motion to Dismiss Indictment (6/18/15); 325 (Motion to Dismiss (2/28/17); 341 (Motion for retrial or in the alternative to Dismiss the Indictments (5/11/18).

3

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to Barry Spencer at the address shown on his Motion.

                                        */s/ John A. Wortmann, Jr.*
                                        JOHN A. WORTMANN, JR.
                                        Assistant United States Attorney

Date: 5/31/18