UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10196-RWZ

UNITED STATES OF AMERICA

v.

BARRY SPENCER

MEMORANDUM OF DECISION AND ORDER

October 2, 2018

ZOBEL, S.D.J.

Petitioner Barry Spencer II, pro se, moves this court to vacate his sentence pursuant to 28 U.S.C. § 2255.

I.  **Factual Background**

On April 23, 2015, a jury convicted petitioner on one count of possession with intent to distribute crack cocaine and one count of conspiring to do the same. See Docket # 224.[1] Petitioner moved for a new trial, asserting, inter alia, that the government violated its Brady obligations by withholding evidence regarding a drug laboratory chemist's correction of a report. See Docket # 227; cf. Brady v. Maryland, 373 U.S. 83, 86 (1963). Ultimately, after extensive briefing and multiple hearings, the court issued a detailed order finding no Brady violation and denying petitioner's motion. See Docket # 275. Petitioner was thereafter sentenced to 60 months imprisonment and

---

[1] This was petitioner's second trial on these charges, the first having ended in a mistrial. See Docket # 159.

three years of supervised release. See Docket # 281.

Petitioner appealed his conviction, but the First Circuit upheld it and affirmed all of the challenged rulings. United States v. Spencer, 873 F.3d 1, 17 (1st Cir. 2017). After the Supreme Court of the United States denied his petition for writ of certiorari, 138 S. Ct. 1030 (2018), petitioner timely filed the pending motion to vacate.[2] Aside from issues raised at trial and on appeal, the primary ground for the motion is ineffective assistance of counsel.

## II. Legal Principles

Federal habeas relief is limited to "claims involving 'the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack.'" Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) (quoting 28 U.S.C. § 2255). Petitioner bears the burden of establishing that he is entitled to relief. See id. To do so, he must make "a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994).

To make out a claim of counsel ineffectiveness warranting relief under § 2255, petitioner "must show both deficient performance by counsel and resulting prejudice." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010); see Strickland v. Washington, 466 U.S. 668, 687 (1984). Strickland sets the standard: Deficient performance is shown where "counsel's representation fell below an objective standard of reasonableness,"

---

[2] The court previously denied without prejudice a § 2255 motion filed by petitioner because it did not address the validity of his sentence but only its execution. See Docket # 333.

and prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. "A petitioner bears a very heavy burden on an ineffective assistance claim." Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993).

## III. Application

In support of the first ground of his § 2255 motion, petitioner argues that he was denied effective assistance of counsel because (1) Attorney Butters "abandoned" petitioner after the initial mistrial, thereby denying him a "speedy retrial"; and (2) Attorney Butters committed various alleged mistakes involving the circumstances at the heart of petitioner's Brady claim. Both arguments fail.

As a prefatory matter, the court reaffirms its prior assessment of Attorney Butters' stellar representation of petitioner:

> Defendant has, at various points in this case, elected to represent himself. He is an able advocate for his cause. Nonetheless, the court appointed standby counsel, Mr. Thomas Butters, who tried the case to the jury and has taken the lead on the post-verdict matters, aside from this motion for a new trial. Mr. Butters has performed admirably, protecting defendant's interests at every turn and ensuring that the mistakes described in this opinion found the light of day. The court thanks Mr. Butters for his exceptional service.

See Docket # 275 at 2 n.1.

Regarding his first argument, petitioner fails to allege any facts supporting abandonment by Attorney Butters or a denial of the right to a speedy trial. Moreover, based upon the court's familiarity with these proceedings and a review of the docket, petitioner's claims are simply untrue. Petitioner was retried within the 70-day time limit imposed by the Speedy Trial Act, and Attorney Butters represented him at that trial and post-trial proceedings. This contention is without merit.

Regarding petitioner's second argument, as stated above, there is no basis for concluding that Attorney Butters' representation failed to meet the constitutional standard. Moreover, even if petitioner were able establish that counsel performed "below an objective standard of reasonableness," the ineffective assistance claim would still fail because petitioner cannot show prejudice. Strickland, 466 U.S. at 688, 694.

All the alleged deficiencies relate to the Brady issue, including that (1) "counsel failed to explore the fact that the chemist was called and told to alter evidence"; and (2) "counsel failed to enter the [first] drug cert[ificate] in evidence or erred by not objecting when Judge answered the Jury's question about the second cert[ificate] saying it wasn't in evidence." See Docket # 341 at 5. Contrary to petitioner's assertions, it was counsel who on cross-examination of the chemist unearthed the erroneous date on the certificate. Moreover, neither of these alleged errors prejudiced petitioner. Rather, as both this court and the First Circuit determined, the information or evidence withheld by the government was not material. Docket # 275 at 19-20 ("no reasonable jury could have doubted that the sample delivered to [the chemist] was the same one" involved in petitioner's offenses); see Spencer, 873 F.3d 1, 11 (affirming ruling and noting that "the undisclosed evidence does not suffice to cast doubt on whether [the chemist], due to her alleged sloppiness or her ties to the prosecution, tested the wrong sample."). Since any failure by Attorney Butters to further explore these issues at trial could not have changed the ultimate result of petitioner's conviction, the ineffective assistance argument fails. Cf. United States v. Michaud, 901 F.2d 5, 6 (1st Cir.1990) (per curiam) ("claims raised in the § 2255 motion ... decided on direct appeal ... may not be

4

re-litigated under a different label on collateral review"); Ruiz v. United States, 221 F.Supp.2d 66, 86 (D. Mass. 2002).

Finally, petitioner's remaining grounds for habeas relief are without merit because they were already presented and rejected in his direct appeal. Singleton, 26 F.3d at 240 ("[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion."); see Spencer, 873 F.3d at 7-12 (disposing of "Brady issue / prosecutor misconduct" issue, ground 2 of petitioner's present motion); id. at 15 (disposing of "expert testimony [without] being qualified as an expert" issue, ground 3 of petitioner's present motion); id. at 16-17 (disposing of "vindictive prosecution" issue, ground 4 of petitioner's present motion).

## IV. Conclusion

Petitioner's motion to vacate his conviction under § 2255 (Docket # 341) is denied. Because he has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue. The Government's Request for Summary Dismissal of § 2255 Petition (Docket # 343) is granted.

The Motion for Retrial or in the Alternative Dismiss the Indictment (Docket # 340) is also denied. The motion is untimely, see Fed. R. Crim. P. 33, and, in any event, presents the same arguments as the § 2255 petition rejected above.

Finally, the Petition for Writ of Habeas Corpus Ad Prosequendum (Docket # 327) is denied as moot because it pertains to a 2017 court hearing which never occurred.

October 2, 2018
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE